RECEIVED
2017 SEP 20 A 11: 22
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONALD SPOONER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: 1:17-cv-617-WKW |
| v. ) | |
| ) | |
| GOLDEN PEANUT COMPANY, LLC, ) | |
| ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**I.      INTRODUCTION**

1.      This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights and violations of the Americans with Disabilities Act, Title 42 U.S.C. § 12101 *et seq.*, (hereinafter "ADA"). The plaintiff seeks compensatory and punitive damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.     JURISDICTION AND VENUE**

2.      Plaintiff believes that this Court has jurisdiction in accordance with 28 U.S.C. § 1331, 29 U.S.C. §2617, 28 U.S.C. § 2201 and 2202, 29 U.S.C. § 794a, and 42 U.S.C. § 12133.

3.      The unlawful employment practices alleged hereinbelow were committed by the defendant within ~~Dale~~ Henry County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(g).

4.      Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under the ADA. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of occurrence

of each last discriminatory act. Plaintiff also timely filed this Complaint within ninety (90) days of his receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission.

## III. PARTIES

5. Plaintiff, Donald Spooner (hereinafter "Plaintiff" or "Spooner"), is a male citizen of the United States and a resident of the State of Alabama.

6. Plaintiff is a qualified individual under the Americans with Disabilities Act in that he has physical/mental impairments which substantially limit one or more of his major life activities; and/or he was perceived as having a disability which substantially limits his major life activities; and/or he had a history of having such disabilities. 42 U.S.C. § 12102, 42 U.S.C. § 12131, 29 U.S.C. § 706.

7. Defendant, Golden Peanut Company, LLC, (hereinafter "GPC" or "Defendant"), is a Georgia corporation doing business in ~~Dale~~ Henry County, Alabama.

8. The defendant is an employer pursuant to 42 U.S.C. § 12111(5); an employer within the meaning of 42 U.S.C. § 2000e(a) and (b); and is a covered employer pursuant to 29 U.S.C. §2611(4). At all times relevant to this action the defendant has employed at least fifteen (15) or more employees and employed 50 or more employees for each working day during each of the 20 or more calendar work weeks in the applicable calendar year.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff is employed with GPC at its ~~Ozark~~ Headland, Alabama, facility as a Supervisor.

10. Prior to his employment with GPC, the Plaintiff served in the United States military.

11. As a result of incidents which occurred during his military service, the Plaintiff suffers from medical conditions including back problems, PTSD, and sleep issues.

2

12. The Plaintiff receives medical treatment for these matter and these disabilities substantially limit the Plaintiff in one or more of his major life activities.

13. Plaintiff is a qualified individual under the ADA because of his known disabilities and/or because of his perceived disabilities.

14. Plaintiff is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

15. Despite the Plaintiff's disabilities, with or without reasonable accommodations, he is able to perform the essential functions of his job with GPC.

16. Plaintiff has experience numerous issues and incidents of harassment, discrimination, and retaliation with members of GPC management related to his disabilities since he began working for GPC.

17. In March 2017 the Plaintiff formally wrote Malcolm Smith, Human Resources, and requested a reasonable accommodation for his disability (PTSD). With this request for accommodation, the Plaintiff included a letter from his medical provider along with his Disability Rating from Veterans Affairs.

18. Smith responded by telling Plaintiff that he needed suggestions for the accommodations despite the fact that the letter from the Plaintiff's medical provider outlined many suggestions. Plaintiff sent Malcolm the requested suggestions on March 28, 2017.

19. To date, Plaintiff has heard nothing in response to his requests for accommodations or suggestions for accommodations from anyone. Plaintiff has asked his Plant Manager, Allen Twiggs, and his Superintendent, Melton West, for follow up on this matter numerous times to no

avail.

20. After the Plaintiff requested accommodation for his disability he was subjected to ongoing acts of harassment and retaliation.

21. On March 29, 2017, the Vice President of Operations, Adam Schmidt, came into the office and began berating the Plaintiff and getting uncomfortably physically close to Plaintiff. These specific aggressive behaviors are things that were outlined by the Plaintiff's medical provider in his request for accommodations as things not to do towards Plaintiff.

22. Schmidt's aggressive behavior escalated to a point where the Plaintiff chose to stand up and walk away from the situation. When the Plaintiff returned to the office Schmidt asked him, "did you get enough time in your 'safe space'?" while using his hands to make air quotes in a harassing and sarcastic manner.

23. Schmidt continued to mock and belittle Plaintiff through the shift.

24. On or about April 23, 2017, the Plaintiff's tool box was vandalized when someone had crossed out his name and stuck a label on it that said "halftrack". This is a derogatory slang term used in the military to insinuate someone is slow or crazy similar to the derogatory term, "retarded."

25. The following morning April 24, 2017, the Plaintiff went to report this harassment to the Plant Manager, Allen Twiggs, and to the Superintendent, Melton West. During this meeting, the Plaintiff also complained of having been put on a new schedule which required Plaintiff to work nights for two months straight. Plaintiff informed Twiggs that this schedule was directly contrary to what his medical provider submitted for his medical conditions and accommodations. West informed Plaintiff that, "if you don't like the schedule...quit." No action was taken to address my requested accommodations.

26. West left the office and the Plaintiff told Twiggs that he wanted to file a formal complaint about the harassment and the toolbox incident. Twiggs stated that just telling him about it was "formal," and that he would investigate.

27. Upon information and belief no investigation was conducted. No corrective action was taken and the disability harassment and retaliation continued.

28. On or about May 11, 2017, Twiggs left the Plaintiff a voicemail informing him that he was not allowed to come to work. Plaintiff was later informed to come to work for an investigation interview.

29. That same night Twiggs called the Plaintiff back and told him to return to work Monday and that the investigation was complete.

30. Plaintiff returned to work as instructed. That Friday, May 26, 2107, Plaintiff was called to meet with Twiggs and West. They issued Plaintiff a disciplinary written warning for allegations of events from two months prior, in March 2017.

31. The allegations set forth in the discipline were false and unfounded.

32. Plaintiff sent a letter to the GPC Compliance Department in an effort to resolve the issues of his accommodation request, harassment and retaliation. To date, no responsive action has been taken to provide the requested accommodations and no corrective action has been taken as to the harassment and retaliation.

33. Plaintiff continues to be denied reasonable accommodations under the ADA.

34. Plaintiff continues to be subjected to ADA harassment in the form of a hostile work environment.

35. Plaintiff continues to be subjected to retaliation in response to his requests for ADA accommodation and/or his complaints of ADA violations.

36. Plaintiff continues to be subjected to ADA discrimination in the terms and conditions of his employment.

## V. CLAIMS

### COUNT I
### HARASSMENT IN VIOLATION OF TITLE I OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 36 above with the same force and effect as if fully set out in specific detail hereinbelow.

38. Plaintiff is a qualified individual under the ADA because of his known disabilities and/or because of his perceived disabilities.

39. Plaintiff is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

40. Despite the Plaintiff's disability, with or without reasonable accommodations, he is able to perform the essential functions of his job.

41. As set out above, the Plaintiff was subjected to harassment, derogatory behavior, and intimidation by his supervisors based on his disability and/or perceived disability and/or history of a disability. This harassment was and continues to be severe or pervasive in the Plaintiff's workplace.

42. At the time of this unlawful activity the defendant had knowledge that the Plaintiff suffered from an actual and/or perceived disability and/or history of a disability.

43. Defendant, by its discriminatory treatment of the Plaintiff, has intentionally, willfully, with deliberate indifference and without justification deprived plaintiff of his federally protected rights, as described herein. This deprivation violates plaintiff's rights under the Americans with Disabilities Act.

44. The defendant intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights discriminated against the plaintiff based upon his disability and/or perceived disability and/or history of a disability in the terms, conditions, benefits of his employment including, but not limited to subjecting him to harassment, to an internal investigation, scheduling hardships, intimidation, and unfounded discipline.

45. The plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, an injunction and a declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

46. The defendant acted intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights.

47. As the result of the defendant's conduct the plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress.

48. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

49. Plaintiff is suffering and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT II
## DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

50. Plaintiff realleges and incorporates by reference paragraphs 1 through 49 above with the same force and effect as if fully set out in specific detail hereinbelow.

51. Plaintiff is a qualified individual under the ADA because of his known disability and/or perceived disability and/or history of a being a person with a disability.

52. The Plaintiff is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

53. Despite the Plaintiff's disability, with or without reasonable accommodations, the Plaintiff is able to perform the essential functions of his job.

54. Plaintiff was subjected to unlawful discrimination by the defendant based on his disability and/or perceived disability and/or history of a disability including, but not limited to, being denied reasonable accommodations, by being subjected to discriminatory scheduling, and by being subjected to disparate treatment and unwarranted discipline.

55. At the time of this unlawful activity the defendant had knowledge that the Plaintiff suffered from an actual or perceived disability and/or had a history of a disability.

56. As set out in detail above, Plaintiff made good faith complaints of disability harassment and discrimination. As a result thereof, the Plaintiff was subjected to unlawful acts of retaliation in that he was subjected to harassment, unwarranted discipline, was made subject of an internal investigation, and was subjected to threats.

57. Defendant, by its discriminatory and retaliatory treatment of the Plaintiff, has intentionally, willfully, with deliberate indifference and without justification deprived plaintiff of her federally protected rights, as described herein. This deprivation violates plaintiff's rights under the Americans with Disabilities Act.

58. The defendant intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights discriminated against the plaintiff based upon his disability and/or perceived disability and/or history of a disability in the terms, conditions, benefits of his employment including, but not limited to, denying him reasonable accommodation, by subjecting him to discriminatory scheduling, subjecting him to an internal investigation, and by subjecting him to disparate treatment and unwarranted discipline.

59. The defendant intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights retaliated against the plaintiff based upon his disability and/or perceived disability and/or history of a disability in the terms, conditions, benefits of his employment including, but not limited to, denying him reasonable accommodation, by subjecting him to discriminatory scheduling, subjecting him to an internal investigation, and by subjecting him to disparate treatment and unwarranted discipline.

60. The plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, an injunction and a declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

61. The defendant acted intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights.

9

62. As the result of the defendant's conduct the plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress.

63. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive damages is his only means of securing adequate relief.

64. Plaintiff is suffering and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff, as secured by the Americans with Disabilities Act, Title I, 42 U.S.C. § 12101, et seq.,;

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Americans with Disabilities Act, Title I, 42 U.S.C. § 12101, et seq.;

3. Grant the plaintiff an order requiring the defendant to grant Plaintiff reasonable accommodations under the ADA; and/or to make him whole by awarding him reinstatement into the position she would have occupied in the absence of the unlawful discrimination and/or retaliation by the defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding compensatory, punitive, and/or nominal damages, attorney's

fees, costs, and expenses;

4. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate plaintiff's rights as well as those of others who are similarly-situated pursuant to the Americans with Disabilities Act, Title I.

5. Grant plaintiff a declaratory judgment against the defendant that his denial of accommodation violated the ADA;

6. Grant plaintiff compensatory, punitive and/or nominal damages, and interest;

7. Grant plaintiff any incurred attorney's fees and costs; and

8. Grant plaintiff such other relief as justice requires.

Donald Spooner, *pro se Plaintiff**
2291 Tindill Creek Road
Slocomb, Alabama 36375
(334) 350-2174
*Complaint Prepared by*
*Temple D. Trueblood (ASB-0355-e65t)*


**THE PLAINTIFF DEMAND TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

Donald Spooner, *pro se Plaintiff*

11